IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD GREAT RIVERS – MISSOURI, PLANNED PARENTHOOD GREAT PLAINS, and COMPREHSENSIVE HEALTH OF PLANNED PARENTHOOD GREAT PLAINS, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | No. 24-04157-CV-C-BP |
| v. | ) ) | No. 24-04158-CV-C-BP No. 24-04159-CV-C-BP |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO REMAND**

Plaintiffs in these three cases have initiated identical proceedings in the Missouri Administrative Hearing Commission (the "AHC"); the proceedings were then removed to this Court by the state agencies involved in them. The Court directed that the three cases be consolidated, and all filings be made in the lowest-numbered case (No. 24-04157-CV-C-BP). (Doc. 5.) Thereafter, Plaintiffs filed a Motion to Remand. After considering the parties' arguments, the Court concludes the Motion, (Doc. 17), should be **GRANTED**, and these cases are remanded to the AHC.[1]

**I. BACKGROUND**

The Medicaid program ("Medicaid") pays for medical care for eligible individuals. A state may elect whether to participate in the Medicaid program; if it does, it must comply with the requirements imposed by federal law, including regulations promulgated by the Department of

---

[1] Defendants' Motion to Dismiss shall remain pending so that it can be addressed on remand.

Health and Human Services. Missouri participates in the Medicaid program, and the Defendants in this case are state entities responsible for administering it.

Plaintiffs are healthcare providers who were previously enrolled in Missouri's Medicaid program; that is, services they provided were eligible for reimbursement through Medicaid. In August 2024, Defendants terminated Plaintiffs' enrollment in the program. "Federal regulations authorized by Congress and promulgated by the Secretary of Health and Human Services require each State to establish appeal procedures for Medicaid providers." *Does v. Gillespie*, 867 F.3d 1034, 1038 (8th Cir. 2017) (citing 42 U.S.C. §§ 1396a(a)(4), (39); 42 C.F.R. § 1002.213). Missouri has established such procedures, which start with a proceeding in the AHC. Accordingly, Plaintiffs challenged their terminations in the AHC, alleging Defendants' decision to terminate their enrollment violates (1) Medicaid statutes and regulations, (2) the First Amendment and Fourteenth Amendments to the United States Constitution, and (3) sections two and nine of Article I of the Missouri Constitution.

Defendants removed the case from the AHC to this Court, asserting jurisdiction exists under 28 U.S.C. § 1331 because Plaintiffs have asserted claims based on federal law. Plaintiffs argue the case must be remanded because cases can only be removed to federal court from state courts, and the AHC is not a court. The parties' arguments are resolved below.

## II. DISCUSSION

Unless otherwise provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing

the place where such action is pending." 28 U.S.C. § 1441(a).  Plaintiffs argue this case is not removable because the AHC is not a "State court," and this Court agrees.[2]

Article V of the Missouri Constitution creates the State's judicial system.  It describes the courts that shall exist, how the judges are appointed, and the scope of their powers.  The AHC is not described in Article V.  Moreover, the Missouri Supreme Court has differentiated the State's judicial system from the AHC and other tribunals that are part of the State's executive branch.  *See Planned Parenthood of St. Louis Region v. Knodell*, 685 S.W.3d 377, 385 (Mo. 2024) (en banc).  And significantly, Defendants do not contend that the AHC is a court under Missouri law.  Instead, they argue that it "is nearly identical to other Missouri courts," (Doc. 19, p. 9),[3] sufficiently so that it should be regarded as one for purposes of § 1441(a).  The Court disagrees.

The Eighth Circuit has not addressed the issue, but several Courts of Appeal (and those who have addressed the issue most recently) apply a straightforward analysis that asks simply whether the case was removed from a state court.  For instance, the Ninth Circuit has held that

> [t]he plain language of 28 U.S.C. § 1441(a) limits removal to cases pending before a "state court." . . . The term is clear and consistent with the overall statutory scheme for removals because it is used repeatedly throughout the removal statutes and is the only term used in reference to the tribunal from which removal may be taken. . . . Thus, our analysis of the statutory language need go no further: 28 U.S.C. § 1441(a) authorizes removal only from a "state court," which necessarily implies that the entity in question must be a *court*.

*Oregon Bureau of Lab. & Indus. ex rel. Richardson v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 417-18 (9th Cir. 2002) (emphasis in original).  The Third and Tenth Circuits have reached the same conclusion.  *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251,

---

[2] The parties couch this as a question about jurisdiction.  The Court is not convinced it is a jurisdictional issue as opposed to an issue regarding compliance with statutory requirements for removal.  *See Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1055 (8th Cir. 2020).  The distinction in unimportant; even if the defect Plaintiffs have identified is procedural, they have timely raised it.

[3] All page numbers for documents filed with the Court are those generated by the CM/ECF system.

1254 (10th Cir. 2010); *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1261 (3d Cir. 1994) (Observing that, "[o]n its face, the removal statute limits removal to cases pending before a state 'court.' This should be dispositive, as the Pennsylvania Board of Vehicles is, by definition, not a 'court.'").

Defendants argue that the question is not simply whether the AHC is a court, but whether it performs the functions of a court. For support, they claim the Supreme Court has interpreted the term "court" in the removal statute to require an analysis of the functions of the body in question; under this theory, if the AHC acts like a court and exercises judicial-like powers, it should be regarded as a court for purposes of the removal statute even though it is not one. However, the case they cite did not address this issue.

In *Upshur County v. Rich*, owners of real property challenged an assessment in accordance with West Virginia law by filing a petition in the county court. They then removed the proceeding to federal court, contending that the State and the County were necessary parties, and with their inclusion the matter became a civil suit with diverse parties on either side. 135 U.S. 467, 468 (1890). There was no question that the matter was pending before a West Virginia state court; however, remand was sought because the proceeding was allegedly not a civil suit within the meaning of the removal statutes. *Id*. Because the matter was undeniably in a state court, there was no reason to analyze what constitutes a "court," and the Supreme Court's discussion confirms it was only considering whether the assessment challenge was a civil suit. It framed the issue to be addressed with a series of rhetorical questions. It first asked (and answered): "It must be 'a suit' between citizens of different states. Is this such a suit? We do not see how it can be called such." *Id*. at 470. It then asked (and answered): "[I]s an appeal from an assessment of property for taxation a suit within the meaning of the law? In the ordinary cases it is certainly not." *Id*. And,

4

in the course of its discussion, the Court acknowledged that "[t]he question, what is a 'suit,' in the sense of the judiciary laws of the United States, has been frequently considered," and listed some of its prior cases on the topic. *Id*. at 474.[4] Thus, *Upshur County* establishes that not everything presented to a court is a suit; it does not provide guidance as to whether a particular tribunal is a court. As the Third Circuit stated: "[i]t does not follow that because *Upshur County* held that a court is not necessarily a 'court' for removal purposes, the Supreme Court has endorsed the view that an administrative agency might be a 'court' for removal purposes." *Sun Buick*, 26 F.3d at 1263.

Defendants next point to Circuit Court decisions that have adopted their view and analyze a tribunal's procedures and functions to determine if they are equivalent to a "court."[5] The First Circuit described *Upshur County* as holding "that not-withstanding [sic] a state's characterization of a body as a 'court', it may not be a court for removal purposes," then applied "the same approach

---

[4] In a subsequent case, the Supreme Court cited *Upshur County* to support the following proposition: "As the proceeding is not a suit within the meaning of section 28 of the Judicial Code (28 USCA s 71), the motions to remand the cause to the state court should have been granted." *Willing v. Chicago Auditorium Ass'n*, 277 U.S. 274, 290 (1928) (overruled in part on other grounds by statute).

[5] Defendants refer to two additional Circuits that purportedly utilize this approach, but the Court does not believe they do. They cite the Fourth Circuit's decision in *Kolibash v. Commission on Legal Ethics of W. Virginia Bar* and observe the case was removed from the West Virginia Commission on Legal Ethics (the "Commission"). (Doc. 19, p. 9.) However, *Kolibash* is similar to *Upshur County* in that the question in that case was whether the attorney disciplinary proceeding was a "civil action" within the meaning of the officer removal statute, 28 U.S.C. § 1442(a). The Fourth Circuit held the "label . . . attached to the proceeding" was not determinative and analyzed the nature and effect of the proceeding to determine the disciplinary proceeding qualified as a "civil action" because it sought "to subject federal officers to the state's processes . . . ." 872 F.2d 571, 576 (4th Cir. 1989) (quotation omitted). The Fourth Circuit was not required to determine if the Commission was a "court," although it observed the Commission is "an instrumentality of the West Virginia Supreme Court of Appeals." *Id*. Defendants also cite *Baughman v. Bradford Coal Co.*, but there the Third Circuit considered whether a tribunal was a "court" within the meaning of the Clean Water Act, 33 U.S.C. § 1365(b)(1)(B). 592 F.2d 215, 217 (3d Cir. 1979). Anything the Third Circuit said about the removal statutes would be dicta at best—a point it recognized in *Sun Buick*, where the Third Circuit also strongly indicated it would not rely on *Baughman* to construe the removal statutes. *Sun Buick*, 26 F.3d at 1264. (And for what it is worth, other Circuits have declined to follow *Baughman* when interpreting the same provisions of the Clean Water Act. *E.g.*, *Texans United for a Safe Economy Educ. Fund v. Crown Cent. Petroleum Corp.*, 207 F.3d 789, 794-95 (5th Cir. 2000); *Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517, 1524-25 (9th Cir. 1987); *Friends of the Earth v. Consolidated Rail Corp.*, 768 F.2d 57, 62-63 (2d Cir. 1985).)

to the converse situation" to hold that a non-judicial entity "may . . . be a court for removal purposes." *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Lab. Rels. Bd.*, 454 F.2d 38, 43-44 (1st Cir. 1972). The Seventh Circuit later followed suit; it provided little rationale and simply noted that the First Circuit was (at that time) the only other Circuit to have addressed the issue. *Floeter v. C. W. Transp., Inc.*, 597 F.2d 1100, 1102 (7th Cir. 1979). But as explained earlier, this interpretation of *Upshur County* is not entirely correct, and it has been rejected by other courts. *E.g.*, *Oregon Bureau of Lab. & Indus.*, 288 F.3d at 419; *Sun Buick*, 26 F.3d at 1262-63.

Thus, two Courts of Appeal (and likely a third) hold that the word "court" means exactly what it says and would permit removal of a case only if it is pending in a state's judicial system, in front of a tribunal that is deemed to be a court under state law. Two circuits would examine a non-judicial tribunal's function, purpose, and procedures to determine if it is sufficiently like a court that it can be treated like one for purposes of the removal statutes. The former group of cases are more recent and have the virtue of applying an easy and understandable test. The latter two depend on a strained reading of a Supreme Court decision that predates the modern removal statutes and does not really address the issue.

The Court believes the straightforward and ordinary interpretation of the word "court" is correct, and it rejects the functional approach Defendants advocate. Not only is this interpretation consistent with the ordinary meaning of the word, but it is consistent with the principle that federal courts should not enlarge their jurisdiction through expansive interpretation of statutes. *See*, *e.g.*, *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 164 (2008) (quoting *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17 (1951)). Thus, the Court concludes § 1441(a) permits removal only from "State courts."[6]

---

[6] The Court's discussion makes it unnecessary to consider whether abstention pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), is appropriate. The Court also need not consider the effect of *Does v. Gillespie*, 867 F.3d 1034 (8th

### III.  CONCLUSION

Defendants' removal of these cases does not comply with the removal statutes, in that they were not removed from a "State court" as required by 28 U.S.C. § 1441(a).  Therefore, the Motion to Remand, (Doc. 17), is **GRANTED** and these cases are remanded to the Administrative Hearing Commission for the State of Missouri.

**IT IS SO ORDERED.**

DATE: January 8, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

Cir. 2017), particularly whether it forbade Plaintiffs from filing their challenges in federal court (thereby implicating another requirement imposed by 28 U.S.C. § 1441(a)).  Finally, the Court observes that Defendants' prediction the case will inevitably end up in federal court plays no part in the analysis.  "An administrative proceeding transferred to a court *usually* becomes judicial, although not necessarily so."  *Commissioners of Road Improvement Dist. No. 2 v. St. Louis SW Ry. Co.*, 257 U.S. 547, 554 (1922) (emphasis added).  But even if Defendants are correct, their prediction does not permit a case to be removed before it complies with the removal statutes.